## WILLIAMS v. HARRIS.

### No. 16688.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

Robert E. Baird, of New Orleans, for appellant.

John R. Land, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

Ralph Williams brings this suit against Jack Harris, claiming $243 for labor and services rendered under an alleged verbal contract. Williams alleges that he worked 243 hours at an agreed wage of $1 per hour for which he was not compensated. Harris answered, admitting he had employed Williams at $1 per hour, and that on this account there was a balance of $9.50 due him, which he deposited in the registry of the court. He reconvened and claimed that plaintiff was indebted to him in the sum of $92.70.

There was judgment below dismissing both the main and reconventional demands, and plaintiff alone has appealed.

It appears that the defendant owned a "drag line" or crane which he had rented to the Works Progress Administration for use in connection with a federal project in the process of construction in Algiers Park. The drag line, which seems to be a very heavy piece of machinery and difficult to move, was shipped via the Southern Pacific Railroad from Norco, La., where it had been in use, and moved overland from the Southern Pacific tracks in Algiers to the Algiers Park, a distance of about five miles. According to the defendant, plaintiff, who was anxious to obtain employment, agreed to superintend the moving of the drag line from the railroad tracks in Algiers to the Algiers Park which, under normal conditions, would require about ten hours, without compensation in consideration of his employment at the rate of $1 per hour as an operator of the drag line under the contract of lease which defendant had made with the Works Progress Administration.

Williams denies that he had agreed to work any time without pay and Harris contends otherwise. Instead of requiring ten hours to move the drag line to Algiers Park, about ten days was required, due to the fact that the machine bogged down in soft mud over which it was being transported. Williams who had worked around the drag line in one capacity or another during the entire period of its transportation from the railroad tracks to Algiers Park, was given the position as operator of the machine after it reached the park, but was not allowed to work there very long because the superintendent in charge of the government project, Mr. Fred. Fagot, complained to Harris that Williams was incompetent, with the result that Harris removed Williams after a short delay.

In support of defendant's position concerning the qualification of the verbal contract of employment, Miss Florence Harris, defendant's sister, testified that she was present during a conversation between her brother and Williams, during which Wil-

liams told her brother he "would be glad when the machine started making hours, because at that time, he would be earning a wage." Defendant's brother, B. E. Harris, testified that he was present during a conversation between his brother and Williams at the Auto Supply Company in New Orleans when the labor contract was discussed and that at that time his brother asked him "what I thought about the contract between Williams and me, and he told me that Williams had agreed to go to work for him on the job when the machine got on the job, at $1.00 per hour, during which time the government would pay him so many hours and he wouldn't get paid when the machine wasn't working."

Sidney Blunt and Nash Wise, employees of the defendant, also supported defendant's version of the contract.

As against this testimony of the defendant, his brother, sister and two employees, we have only the testimony of the plaintiff. The evidence of defendant's witnesses is criticized as being biased because given by members of his family and by his employees. Perhaps some allowance should be made for the natural inclination of relatives and employees to support members of their families and their employer, but nevertheless it cannot be said that the testimony of plaintiff, which is unsupported is unbiased.

There is also another circumstance which reacts unfavorably upon our minds in considering plaintiff's claim. At the time that the crane was bogged in the mud Williams employed a number of laborers to assist in its extrication and some controversy arose with Harris over the payment for their services. An agreement was finally reached and the men paid. It seems to us that Williams should have presented his claim at that time for services rendered to date, particularly since he is shown to have been impecunious, having been obliged to bring this suit in forma pauperis. A formal pay roll was made out and it would appear that Williams' name should have been on it if he thought he was being paid for his work.

We have been at some pains to consider and examine the testimony in the record in this case because of our conviction that the plaintiff has labored many hours without compensation and we should have been pleased to reach a result which would have allowed him at least a part of the wages claimed. However, in view of the fact that the overwhelming preponderance of the

testimony is to the effect that he had undertaken to superintend the moving of the crane to its position in Algiers Park without compensation in order that he might receive employment there, we cannot come to any other conclusion than that the judgment of the trial court in accepting the version of the case presented by defendant was correct. We find, however, that the judgment failed to award plaintiff the small sum of $9.50, admitted to be due him and deposited in the registry of the court. The judgment, therefore, must be amended to take care of this oversight.

For the reasons assigned, the judgment appealed from is amended so as to award the sum of $9.50, now on deposit in the registry of the Twenty-Fourth judicial district court for the parish of Jefferson, to the plaintiff, Ralph Williams. In all other respects the judgment appealed from is affirmed. All costs to be paid by plaintiff-appellant.

Amended and affirmed.